UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THEODUS JORDAN,<br>        Plaintiff, | )<br>)<br>) |
| v. | ) C.A. No. 04-10688-PBS<br>) |
| BOSTON PUBLIC SCHOOLS, et al.,<br>        Defendants. | )<br>) |

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff directed to demonstrate good cause why his complaint should not be dismissed.

FACTS

On April 1, 2004, plaintiff Theodus Jordan filed an application to proceed without prepayment of the filing fee and a two-page complaint. The complaint names as defendants the Boston Public Schools and the Massachusetts Commission Against Discrimination ("MCAD") and asserts claims of wrongful termination, conspiracy, retaliation, negligence and violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). With his complaint, plaintiff submitted a copy of the "right to sue" letter he received from the Equal Employment Opportunity Commission ("EEOC") dated March 23, 2002.

Plaintiff alleges he was wrongfully terminated in retaliation for "seeking justice" and discriminated based upon his "race, color, gender, age and disability." Complaint ("Compl."), p. 1. In addition to damages, plaintiff seeks "restitution, restoral (sic), backpay, tenure, reputation, job(employment) promotion, automobile, home, reinstatement,

[Handwritten annotation in right margin, with circle around "submitted a copy of the 'right to sue' letter he received from the Equal Employment Opportunity Commission ('EEOC') dated March 23, 2002": "Falsified Phony date to save face & their negligence"]

credit repair, compensation, punitive damages, losses directly caused by these defendants." Id.

Plaintiff alleges that defendants retaliated against plaintiff and conspired "with others within the School system and/or other Agencies to accomplish this task by 'black-listing' [plaintiff's] name and reputation so as to deny [him] jobs or other opportunities for jobs in any other place throughout this State and other States." Complaint ("Compl."), ¶ 1. Plaintiff further alleges that the MCAD "discriminated against this plaintiff by negligence, delaying pursuit of this claim and 'dragging its feet" in the processing of this charge and negligent in its investigation." Id. at ¶ 2.

## ANALYSIS

I. The Court May Screen The Complaint

Because plaintiff seeks to file this complaint without prepayment of the filing fee, a summons has not issued in order to allow the Court to review plaintiff's complaint to determine if it satisfies the requirements of the federal in forma pauperis statute. See 28 U.S.C. § 1915. Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against

a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); cf. Haines v. Kerner, 404 U.S. 519, 520-521 (1972) (pro se complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

II. Plaintiff's Claim Against the Boston Public Schools

Plaintiff's complaint fails to provide a short and plain statement of his claim against the Boston Public Schools. A complaint must contain a "short and plain statement" (1) of the grounds upon which the Court's jurisdiction rests and (2) of the claim(s) showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). The complaint must also contain a demand for judgment. Id.

Here, plaintiff's complaint fails to provide any facts concerning where he was employed as well as the adverse action of which he seeks to complain. Because the complaint is incomprehensible, it is subject to dismissal.

Moreover, although plaintiff appears to have filed a charge of discrimination with the EEOC, such claim appears to be barred by the applicable limitations period for filing suit. Plaintiff's charge of discrimination was dismissed by EEOC Notice dated March 23, 2002. Plaintiff did not file this action until April 1, 2004, over two years after the EEOC issued its Dismissal

3

and Notice of Rights. Plaintiff's Title VII claim against the Boston Public Schools is barred by the applicable statute of limitations, see 42 U.S.C.S. § 2000e-16(c), and is subject to dismissal.

III. Plaintiff's Claim Against the MCAD

To the extent plaintiff claims the MCAD violated his civil rights during the processing of his administrative employment discrimination claim against the Boston Public Schools, such claim is subject to dismissal. As an initial matter, claims of negligent conduct fail to state a claim for relief under the Constitution because the unintentional loss of life, liberty or property does not trigger the protections of the Due Process Clause. Daniels v. Williams, 474 U.S. 327, 323-33 (1986); Davidson v. Cannon, 474 U.S. 344, 347 (1986).

Moreover, the MCAD is immune from suit under the Eleventh Amendment[1] to the United States Constitution. The Eleventh Amendment bars suits against a State and its agencies unless a State has waived its Eleventh Amendment immunity or Congress has overridden it. Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam) (suit against state agency is barred by the Eleventh Amendment); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S.

---

[1] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

89, 100 ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985)(suit for damages against state officer in official capacity is barred by the Eleventh Amendment); see also Johnson v. Rodriguez, 943 F.2d 104, 109 (1st Cir. 1991) (MCAD is a state entity entitled to Eleventh Amendment immunity), cert. denied, 502 U.S. 1063 (1992).

Massachusetts has not waived its Eleventh Amendment immunity, see Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) ("there has been no unequivocal abrogation of the Commonwealth's Eleventh Amendment immunity"), and Congress did not override state's immunity in enacting Section 1983. See Quern v. Jordan, 440 U.S. 332, 345 (1979) (state administrative agency immune from § 1983 action). Therefore, plaintiff's civil rights claim against the MCAD is subject to dismissal for lack of jurisdiction. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, 506 U.S. 139, 142-144 (1993) (Eleventh Amendment operates as a withdrawal of jurisdiction).

## CONCLUSION

ACCORDINGLY, plaintiff's complaint is subject to dismissal without further notice under 28 U.S.C. § 1915(e)(2) within thirty-five (35) days of the date of the accompanying Order unless before that time plaintiff demonstrates good cause why the

complaint should not be dismissed for the reasons stated above.

Dated at Boston, Massachusetts, this <u>17th</u> day of <u>May</u>, 2004.

                                              /s/ Patti B. Saris
                                              PATTI B. SARIS
                                              UNITED STATES DISTRICT JUDGE

*Note:*

*Plaintiff feels the weight of the court to prove his case <u>before</u> he is allowed to present his case in open court. The issue here should not be to deny me justice because I can't <u>afford</u> to get my case entered. This is <u>not</u> justice and a double standard because I am indigent.*

*Theodore Jackson, Plt.*

*Signed under pains & penalty of perjury this day... 6/17/04*