```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

THEODUS JORDAN,                )
          Plaintiff,           )
                               )
     v.                        )  C.A. No. 04-10688-NMG
                               )
BOSTON PUBLIC SCHOOLS, et al., )
          Defendants.          )
```

MEMORANDUM AND ORDER

For the reasons stated below, the Court allows plaintiff's claims to proceed against the Boston Public Schools and dismisses the claims against the Massachusetts Commission Against Discrimination.

BACKGROUND

On April 1, 2004, plaintiff Theodus Jordan filed an application to proceed without prepayment of the filing fee and a two-page complaint. The complaint names as defendants the Boston Public Schools and the Massachusetts Commission Against Discrimination ("MCAD") and asserts claims of wrongful termination, conspiracy, retaliation, negligence and violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII").  With his complaint, plaintiff submitted a copy of the "right to sue" letter he received from the Equal Employment Opportunity Commission ("EEOC") dated March 23, 2002.

By Memorandum and Order dated May 17, 2004, Judge Saris[1] directed plaintiff Theodus Jordan to demonstrate good cause why his complaint should not be dismissed. See Docket No. 4. The Memorandum stated, among other things, that (1) plaintiff's Title VII employment discrimination claim against the Boston Public Schools appeared to be barred by the applicable statute of limitations; and (2) plaintiff's civil rights claim against the MCAD is subject to dismissal because (a) claims of negligent conduct fail to state a claim for relief under the Constitution; and (b) the MCAD has Eleventh Amendment immunity from suit. Id.

On June 23, 2004, plaintiff filed a response.[2] See Docket No. 5. In his response, plaintiff states, among other things, that the date of the Right to Sue letter is incorrect. Id. at ¶ 1. Plaintiff's response again reiterates his claim concerning the "negligence of the MCAD." Id. at p. 2.

### DISCUSSION

I.   Plaintiff's Claim Against the Boston Public Schools

---

[1] On July 12, 2004, this action was reassigned from Judge Saris to the undersigned. See Docket No. 6.

[2] In his response, plaintiff indicates that he did not receive the Court's Memorandum and Order until May 28, 2004. See Docket No. 5, Plaintiff's Response, p. 1. Although plaintiff did not seek an extension of time, the Court will allow the filing of plaintiff's response.

To the extent plaintiff seeks to proceed with his Title VII claim against the Boston Public Schools, the Court will allow this claim to proceed at this time. Here, plaintiff appears to have filed a charge of discrimination with the EEOC, his charge being dismissed by Notice dated March 23, 2002. Plaintiff did not file this action until April 1, 2004, over two years after the EEOC issued its Dismissal and Notice of Rights.

However, plaintiff contends that the date of the Right to Sue letter/charge of discrimination is incorrect so that his Title VII claim is not barred by the applicable statute of limitations, see 42 U.S.C.S. § 2000e-16(c). See Docket No. 5, Plaintiff's Response.

The Court will not make a determination as to whether plaintiff's Title VII claim against the Boston Public Schools is barred by the applicable statute of limitations, see 42 U.S.C.S. § 2000e-16(c), and will direct the clerk to issue summons for service of defendant Boston Public Schools.

   II. Plaintiff's Claim Against the
       Massachusetts Commission Against Discrimination

In his response, plaintiff again complains of the "negligence of the MCAD." Id. at p. 2. After carefully reviewing plaintiff's response, I find that plaintiff has failed to demonstrate any reason why the claims against the MCAD should not be dismissed.

ORDER

Based upon the foregoing, it is hereby

ORDERED, the Clerk shall issue summonses and the United States Marshal shall serve a copy of the complaint, summons and this order upon defendant Boston Public Schools as directed by the plaintiff with all costs of service to be advanced by the United States; and it is further

ORDERED, in accordance with the Court's Order dated May 17, 2004, the claims against the Massachusetts Commission Against Discrimination are dismissed pursuant to 28 U.S.C. § 1915(e)(2).

SO ORDERED.

Dated at Boston, Massachusetts, this 20th day of August, 2004.

/s/ Nathaniel M. Gorton
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE