UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THEODUS JORDAN,            )
                           )
    Plaintiff,             )
                           )
v.                         )
                           )   Civil Action No. 04-10688NMG
BOSTON PUBLIC SCHOOLS,     )
                           )
    Defendant.             )
                           )

## ANSWER OF THE DEFENDANT, BOSTON PUBLIC SCHOOLS

NOW COMES the Defendant, Boston Public Schools (hereinafter "Boston"), by and through its counsel, and hereby submits its answers to Plaintiff's Complaint as follows:

Paragraph 1[1]:

Clause 1: Here comes the most aggrieved and injured plaintiff in the matter above to asks this MOST HIGH COURT, U.S. DISTRICT FEDERAL COURT, for relief, restitution, restoral, backpay, tenure, reputation, job (employment), promotion, automobile, home, reinstatement, credit repairs, compensation, punitive damages, losses directly caused by these defendants

Defendant's Response: The averments contained herein constitute a demand for relief, to which no reply is required. To the extent a reply is required, these averments are denied.

Clause 2: [E]griegious and wanton racism and discrimination based on my race, color, gender, age and disability, and retaliation for seeking justice to resolve this matter in a judicious manner;

---

[1] The Complaint (attached hereto) suffers from not being a concise, short and plain statement of facts and allegations as required in F.R.Civ.P. 8(a) and (c), and the paragraph is too involved to allow for denial or admission as required in F.R.Civ. P. 8, therefore the undersigned broke the sentence into parts rather than burdening this Court with a Motion for More Definite Statement.

  Defendant's Response: The averments contained herein constitute legal conclusions, to which no reply is required. To the extent a reply is required, these averments are denied.

  Clause 3: [A]nd conspiring with others within the School system and/or other Agencies to accomplish this task by "blacklisting" my name and reputation so as to deny me jobs or other opportunities for jobs in any other place throughout this State and other States.

  Defendant's Response: The averments contained herein constitute legal conclusions, to which no reply is required. To the extent a reply is required, these averments are denied.

  Paragraph 2: This paragraph does not assert allegations against the Defendant, Boston Public Schools and, accordingly, no further reply is required. To the extent a reply is required, the Defendant, BPS is without knowledge or information sufficient to form a belief as to the truthfulness of the averments in this paragraph.

  Paragraph 3: The averments contained in this paragraph constitute the Plaintiff's predictions about the future, to which the Defendant, BPS, has no reasonable means of responding.

  Paragraph 4: The averments contained herein constitute a demand for relief, to which no reply is required. To the extent a reply is required, these averments are denied.

## AFFIRMATIVE DEFENSES

In further answering Plaintiff's Complaint, the Defendant asserts the following affirmative defenses:

1. The Plaintiff fails to state a claim upon which relief may be granted.

2. The Plaintiff fails to state a jurisdictional basis for his claims.

3. The Plaintiff's claims are barred by the doctrine of *res judicata.*

5. The Plaintiff is barred from recovery in this action because the Plaintiff has suffered no damage.

6. The Plaintiff is barred from recovery in this action because the Plaintiff has failed to mitigate his damages.

7. The Plaintiff is barred from recovery in this action because the Plaintiff's claims are barred as untimely and in violation of the applicable statute of limitations.

8. All of the actions taken by the Defendant with respect to the Plaintiff were justified by legitimate, nondiscriminatory reasons.

9. All of the actions taken by the Defendant with respect to the Plaintiff were justified and not malicious.

10. The Defendant's statements are protected and are not actionable.

11. The Plaintiff's claims are barred on the grounds of estoppel.

12. The Plaintiff's claims are barred on the grounds of waiver.

13. At all material times, the Plaintiff has not been a qualified handicapped person within the meaning of the Americans with Disabilities Act and the Massachusetts Anti-Discrimination Statute.

14. The Plaintiff is estopped from claiming that he was a qualified handicapped person within the meaning of the Americans with Disabilities Act and/or the Massachusetts Anti-Discrimination Statute.

15. The Plaintiff has failed to exhaust his administrative remedies.

16. The Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during discovery and hereby reserves the right to assert any such additional defenses.

WHEREFORE, having fully answered, the Defendant denies that the Plaintiff is entitled to the relief prayed for in the Complaint or to any other relief, and the Defendant prays that the Complaint be dismissed, with prejudice, and that costs thereof be taxed against the Plaintiff and that this Court grant any such further relief to the Defendant as it may deem appropriate.

Respectfully submitted,

Defendant, Boston Public Schools,
By its Attorney,
Merita Hopkins
Corporation Counsel

Dated: September 1, 2005

By: _____
Andrea Alves Thomas, BBO#660050
Assistant Corporation Counsel
Boston Public Schools
26 Court Street, 7th Floor
Boston, MA 02108
(617) 635-9320

## CERTIFICATE OF SERVICE

I, Andrea Thomas, hereby certify that on this 1st day of September, 2005 I have served a copy of the foregoing document via first class mail, postage prepaid, return receipt requested directed to:

Theodus Jordan
P.O. Box 840
Jamaica Plain, MA 02130

_____
Andrea Alves Thomas