UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THEODUS JORDAN,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON PUBLIC SCHOOLS<br><br>Defendant | Civil Action No.<br>04-cv-10688NMG |

**DEFENDANT, BOSTON PUBLIC SCHOOLS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Defendant, Boston Public Schools, pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that Plaintiff, Theodus Jordan, provide for inspection and copying the documents described below. The production of documents shall take place at the Office of Legal Advisor, 26 Court Street, 7th Floor, Boston, MA 02108 within thirty (30) days of the date hereof.

**Definitions**

1.  The term "document" refers to and includes, but is not limited to, originals and all copies of any contract, agreement, invoice, receipt, letter, correspondence, memorandum, report, opinion, complaint, note (handwritten or otherwise), telex, telegram, diary, newspaper article, press release, summary of report, record of an investigation, photographic or graphic matter, or any other handwritten, written, printed, typed, or otherwise recorded information or material, however produced or reproduced. Further, different versions or copies of the same documents (*e.g.*, drafts, revisions, or copies of

documents with differing handwritten notations) are different documents within this definition.

2.      The term "correspondence refers to and includes, but is not limited, to any letter, telegram, telex, notice message, memorandum, or other written communication or transcription or notes of a communication.

3.      The term "communication" means any transmittal of information (in the form of facts, ideas, inquiries or otherwise) and any response thereto and therefore includes, but is not limited to, any telephone conversation, face-to-face meeting or conversation, visit, conference, internal or external discussion, or exchange of a document or documents.  A request for all documents concerning any communication among or between specified parties includes a request for any communication among or between such parties, whether or not such communication also included or was directed to any other person.

4.      The term "Plaintiff" as used herein shall mean Theodus Jordan, including any agent acting on his behalf

5.      The term "Defendant" as used herein means Boston Public Schools, their agents, servants, employees, supervisors, officers, representatives, and all other persons or entities acting on their behalf.

6.      The term "Complaint" means the Complaint filed on the Plaintiff's behalf on or about March 28, 2004, with the Federal Court, Civil Action No. 04-cv-10688NMG.

## Instructions

1.      In producing documents in response to this request, you are required to furnish all documents in your possession, custody or control that are known or available to you,

regardless of whether those documents are possessed by you, or by any agent, or anyone acting on your behalf.

2. When responding to this request for production of documents and there are no documents responsive to a request, you are requested to respond in writing and to so state.

3. If you assert any privilege in responding to this request, specify in each instance the type of privilege asserted and specify the basis for the assertion, state all facts relied upon in support of the claim of privilege or related thereto, and identify, to the fullest extent short of waiver, all communications and documents as to which you claim a privilege.

4. As to any document called for in this request which no longer exists but which you are aware existed at one time, please identify such document(s) and, in addition, identify the last known location and the reason such document(s) is no longer in existence.

5. In producing documents pursuant to this request, please indicate to which numbered request such document is responsive. If a document or any other item is produced pursuant to more than one request, please so designate.

6. The document requests contained herein shall be deemed to be continuing; that is, you must supplement your responses if you obtain any additional documents between the time the responses to these requests are served and the time of hearing or trial. Such additional responses shall be served and additional documents produced from time to time, but not later than thirty (30) days after such additional documents are discovered, obtained or received.

7.	Unless otherwise specified, the documents to be provided in response to requests contained herein include any and all information that was generated or received or otherwise came into existence during the period of January 1, 1993 to the present.

**Requests**

1.	All correspondence, memoranda or other documents written between Plaintiff and Defendant.

2.	Copies of all position descriptions Plaintiff alleges were applicable to his employment with the Boston Public Schools.

3.	Copies of all documents regarding Defendant in Plaintiff's possession.

4.	Copies of all documents that Plaintiff intends to introduce into evidence or use at the trial of this matter.

5.	All documents relating to the damages claimed by Plaintiff and the method or manner by which he has calculated his alleged damages.

6.	Copies of all documents referred to, related to or identified in response to Boston Public Schools' First Set of Interrogatories to Plaintiff.

7.	Copies of all documents that support your allegation that you were "discriminated against" by Defendant based on your race or color, gender, age and disability.

8.	Copies of all documents that support your allegation that you were discharged by Defendant.

9.	Copies of all documents that support your allegation that you were "retaliated against" by the Defendant.

9.	All records, bills, invoices which evidence the reasonable and necessary expenses incurred by the Plaintiff as a result of the alleged harms.

4

10. Copies of all documents relating to any psychological, social work or psychiatric counseling or other mental health treatment, medical treatment, diagnosis, evaluation, hospitalization or therapy Plaintiff has received from January 1, 2002 to the present.

11. With regard to any counseling, medical or hospital records of Plaintiff referred to in the preceding paragraph that are in existence and not physically in the possession or custody of Plaintiff, but that are in Plaintiff's control, Defendant requests that Plaintiff execute the enclosed Medical Authorizations for each doctor, hospital, or other health care provider where records exist to allow Defendant to obtain information and to examine copies or said records.

12. All documents or other things submitted by or on behalf of Plaintiff to any Government Agency in the related action, including but not limited to the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission.

13. Copies of Plaintiff's federal and state tax returns and W-2 wage statements for calendar years 2002 to the present and any other documents concerning wages, salary, tips, bonuses, fees, payments, alimony or child support, and/or all other forms of earned and unearned income received by plaintiff from 2002 to the present.

14. All documents relating to any employment held by Plaintiff from 2002 to the present.

15. All documents relating to any efforts made by Plaintiff to secure any full or part-time employment or to enter into any business or independent contractor relationship between October 1, 2002 and the present date, including, but not limited to, all

correspondence and communications with potential or actual employers or businesses and all versions of Plaintiff's résumé.

16. Any other documents not otherwise requested above which supports the Plaintiff's allegations set forth in the Complaint.

Date:

                              Defendant, City of Boston
                              By its Attorney,
                              William F. Sinnott
                              Corporation Counsel

By: _____
       Andrea A. Thomas, BBO #660050
       Assistant Corporation Counsel
       Boston Public Schools
       26 Court Street, 7th Floor
       Boston, MA 02108
       (617) 635-9320

## CERTIFICATE OF SERVICE

I, Andrea A. Thomas, hereby certify that I have served a copy of the foregoing document on the Plaintiff by mail, postage prepaid, this 9 day of May 2006.

Theodus Jordan
P.O. Box 840
Jamaica Plain, MA 02130

                              _____
                              Andrea A. Thomas