RECEIVED

.UNITED STATES DISTRICT COURT 31 PM 4: 55
DISTRICT OF MASSACHUSETTS

OFFICE OF
LEGAL ADVISOR

THEODUS JORDAN/PLAINTIFF
VS.

Civil Action No.
04-cv-10688NMG

BOSTON PUBLIC SCHOOLS, ET.AL./DEFENDANTS

### PLAINTIFF, THEODUS JORDAN'S RESPONSE TO PRODUCTION OF DOCUMENTS AND DEFENDANT'S REQUEST FOR ANSWERS TO INTERROGATIVES

HERE, comes the plaintiff in the above matter now before this most Honorable Court to produce all relevant documents relative to this case. Also, to answer all interrogatives to the best of his abilities while still seeking counsel for the expert judicial and pursuance of justice in this matter, this has caused injury, harm, hardship, destitution, and rendered this plaintiff indigent. This injury has further produced blacklisting; destroyed my family, cars repossessed, debts incurred , credit destroyed, reputation demolished, condo lost, and inability to maintain housing/ shelter, in the support of my child, and other dependant family members; the inability to buy food, clothing, transportation and communication for accessing job opportunities, support of other family members, and to upkeep and maintain self-hygiene and healthy environment and be in a presentable manner for prospective employers. All these injuries were caused by this **defendant et.al.,** based on discrimination , retaliation, prejudice, stereotyping which was based on my race, color, gender, age, and the fact that I brought this grievance against this defendant in the first place. Plaintiff will show that he was plainly denied his rights to employment, promotions, tenure, pay-grade, position after position based squarely on my race and not based on qualification and fitness for jobs and other qualified employment, as this defendant has already stated to this most Honorable Court. Plaintiff will produce all documents upon the strict order of this court for there are many and these are not easily portable. Plaintiff here responds to all Interrogatives of defendants; but must first examine *definitions and instructions* at the beginning of *interrogatives:*

Item #3. Why only back to 1993?
Item #4. Plt. (Plaintiff) need clarity of this statement. Plt. Does not understand what he is
         Being asked here;

INTERROGATIVES RESPONSES BY THE NUMBER OF THE INTERROGATIVE:
   1. Theodus Jordan, at present. (However , I am still seeking expert Counsel)

2. Theodus Jordan—entire history, names, dates, places of all matters in this case; Hermoine Freeman-retired but handled all job application while present; Carlos Abrams-retired but handle all recruitment including this plt. Job applications; Larry Faison—completely denied plaintiff's access to Superintendent Wilson, Lois Harrison-Jones until all were no longer were in power; Wanda Manzo—knows of plaintiff's struggle to get employed; Miriam _____, if still employed, knows of plaintiff's long struggles to get employment. Chris _____, now receptionist from the Harvard-Kent school knows of plaintiff's character and work-ethic; Dr. Williams a deputy superintendent sat in my classroom at Harvard-Kent for observation on students.

3. Dr. Hogan, Principal, Harvard-Kent, 2000-2001, knows of plaintiff's (plt. Abbreviated from this point) knows of plt. Work ethic; Mr. Klayman, Asst.Harvard-Kent---knows of plt. Work ethic. Mr. Banks, Harvard-Kent—knows of plaintiff's struggles; Superintendent Thomas Payzant, knows of plaintiff's struggles and used my own struggle against me as he pretended to help then without cause terminated my job and sent a black officer to aggressively have me escorted from the premises. He completely ignored plaintiff's qualifications but made all false overtures. Deputy Comptomposis (sp) now acting Superintendent is also a fraud, also — when principal, denied plt. Job based on stereotypes and skin color…later denied me access when became deputy superintendent. Shurletf (sp)—outright refused to see plt. Because of my skin color, plt. Believes; John Connolly—just blew me to the wind knowing plt. was qualified to work for the system when he was in office there; Alvin Shiggs—accused me without end… no matter which principal lied on me he made it hard for me to get daily employment anyway, then often avoided me; Lucy Guzzio (sp) total resented my appearance and denied me the slightest opportunity to get employment; she was very unprofessional, resented, scoffed and rebuffed me outright at various times. Plaintiff even saw her pointing at him on several occasions, in the pursuit of gaining employment. Plaintiff saw her gesturing towards him [me] and laughing as she was pointing plaintiff out to her friends and coworkers, as they too were laughing and looking towards me. She seemed not to have any self-control from the moment she saw me, she would start to laugh at me each time I saw her as I was trying to get to see the superintendent. Never once did she try to get me an appointment with anyone. Never once did she take my pursuit of employment serious as she did the whites and other Hispanics who came to her office. Sometimes I would observe this behavior in disbelief that this type of blatant racism and discrimination could go on in the midst of the affirmative action goals that were at that time being put in place. Larry Faison was totally hateful towards me. All the above individuals were obstacles to my getting a job even though I was a certified teacher or certifiable when I came into the school system back in 1979/80/81. The individuals which started out being helpful and gave me assistant in obtaining jobs are Stacy Johnson, former principal of Jamaica Plain HS, later Charlestown HS, then Physical Education director under newly elected Supt. Payzant, was instrumental in helping me get my administration certificate

started then he ineffectively, without warning, put me back into pool, thusly, terminating my job at his school(JPHS). Principal of Southie HS, ('88-'89) _____. Principal of Martin Luther King HS, Steven Leonard—bully, liar, Uncle Tom type guy. He did nothing for the kids and nothing for me even after we had made each other a deal and shook on it concerning the nature of improving his school. Plaintiff kept my end of the bargain (give him a class-room. His school was the pits when I arrived, 7/8 graders). He reneged even after he and others gave great acclaim and appreciation for the job plt. Had done. He is also complicit in why this plaintiff has not been able to attain employment or reemployment throughout the Boston Public School system and other Public or private systems throughout Massachusetts and across this Nation by "blacklisting" my name. Albert (AL) Holland was most helpful but he never hired me outright for any job-- no matter how many times Plaintiff would ask him down through the years. I never understood that. He allowed me to do my practicum and interns under him at his school and to get my certifications. Carlos Abrams knew of my work ethic but he too was let go by the system when he tried to keep others out as he had done to blacks as he was mandated to do!

4. All facts and details of fact will be forth coming in the very start of the actual trial or any depositions prior to trial dates. The definitive fact has already been put forth and stand as this plaintiff's only position : I was wrongfully terminated and denied my job and other jobs/positions qualified for based on my race, color, ethnicity, age, language, retaliation, gender, equal opportunity denied, equal access denied as given to other unqualified or under-qualified whites, blacks, or Hispanics, with much less experience with blatant disregard for affirmative action goals, in violation of the civil –rights act, illegal practices of discrimination based in stereotypical biases , or violation of statues using a pattern of discriminatory methods, actions, underpinnings of principles of the civil-right laws and their own "Equal Opportunity" stated laws written into their own brochures as an "Equal Opportunity Employer". The BPS, by its practices and patterns, violates its own statues when it comes to hiring, firing, promotion and allowing Equal Opportunities, Equal Access to qualified Black Males.

5. Firing without cause or explanation and without warning. Termination without statement or verbal or written notice. Evaluation or redress. Hiring others without or with less qualifications and/or experience. Hiring whites without proper certification while denying it to blacks, like myself, with multi-certification both in teaching and Principal and as Asst. Principal.

6. As a results of plaintiff filing grievances in the above matter and in spite of winning both grievances, the BPS decide to honor a request by One of its principal(Steven Leonard) not to rehire me for a job. The BPS complied with this request from Mr. Leonard until this day and blacklisted plt. Up to the present outgoing Supt. Payzant who then used this to terminate plaintiff for good.

7. See no. 2.

8. Please see full complaint or seek pre-conference hearing because all material will be presented in open court. Plaintiff is still in search of a lawyer as we speak.

9. As an on-call substitute-teacher, Boston/Brockton Public Schools and/or unemployment, and food stamps.

10. Dr. Kormos, MGH; Dr. Lee, Veteran Hospital, Dr, Kim, Eyes /Ears and Throat, Therapist Pappist, Dr. Faye, EET, Dr. Devine, MGH, Veteran Homeless and counseling shelter, Larry Spiegel, Veteran Counselor, Larry Clark, Veterans' Counselor, Bob Carter, Veteran Rehabilitation counselor, ET. Al. .

11/12. Loss of income; loss of family(divorced), loss of home, loss of automobiles, loss of furnishing, hospital bills, loss of insurance(all –life/sick/hospital, auto, home/ registrations, etc.) Debt-Court, reputation, and ruins of livelihood including unable to support my child who had emotional issues. Plaintiff seeks $5.5 Million in compensation damages for back pay, denied pay, restored pay, rehire at qualified status, with incremental pay, promotional pay losses, reinstituted pay, reinstatement, living increased pay, bonus pay increases missed, insurance repay restored, tenure, 4 automobiles restored, records purged, punitive damages which has destroyed my life and career, $12.5 Million. Plus, All legal, court, attorney fees, incurred, unforeseen, including service fees, depositions fees, duplication fees, copying fees, electronic fees, witness fees, subpoena fees, other unseen cost and fees.

Wherefore, plaintiff so submit, interrogatives as requested by this defendant and in keeping with rule. Plaintiff did not find the interrogatives until recently. Plaintiff was hoping to have a lawyer by now but financial hardship is bringing about further delay.

Signed under the pains and penalties of perjury this day July 30, 2006, by plaintiff,

*Theodus Jordan*
Theodus Jordan
P.O. Box 840
Jamaica Plain, MA 02130-0036
617-894-7916
508-588-6443

CERTIFICATE OF SERVICE
A TRUE COPY OF THIS DOCIUEMNT WAS SENT TO DEFENDANTS AND OR ATTORNEY ON _____, BY PLAINTIFF TO LAST KNOWN ADDRESS OR ADDRESS OF RECORD. *Theodus Jordan*.
Theodus Jordan

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THEODUS JORDAN )
)
Plaintiff, ) Civil Action No.
) 04-cv-10688NMG
)
v. )
)
BOSTON PUBLIC SCHOOLS )
)
)
Defendant )

### DEFENDANT, BOSTON PUBLIC SCHOOLS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant, Boston Public Schools, pursuant to Rule 33 of the Federal Rules of Civil Procedure, requests that Plaintiff, Theodus Jordan, answer the following Interrogatories. Answers are to be made under oath and served within forty-five (45) days of receipt upon Andrea Alves Thomas, Esq., Assistant Corporation Counsel, 26 Court Street, 7th Floor, Boston, Massachusetts 02108.

#### Definitions and Instructions

1. Each Interrogatory must be answered upon Plaintiff's entire knowledge available from all sources, including all information in Plaintiff's possession or that of his/her agents.

2. If you contend that any requested information is privileged or otherwise not subject to discovery, please state the grounds upon which you contend that the information is not subject to discovery and all facts relied upon in support of your claim.

3. Unless otherwise specified, each Interrogatory shall cover the time period from January 1, 1993 to the present. *[handwritten: why only from 1993?]*

4. This request shall be deemed continuing so as to require prompt further and supplemental or amended production if the Plaintiff locates or obtains possession, custody or control of additional responsive information at any time prior to the conclusion of trial.

5. The term "identify" when used in reference to a person means to give the full name of the person, current or last known residential address, his/her occupation, title or position, and his/her employer's name and address.

6. The term "person" as used herein means any natural person, or any firm, association, partnership, corporation or other entity.

7. The term "communication" means any transmittal of information (in the form of facts, ideas, inquiries or otherwise) and any response thereto, and includes but is not limited to any inquiries or otherwise) and any response thereto, and includes but is not limited to any telephone conversation, face-to-face meeting or conversation, visit, conference, discussion, or exchange of any document.

8. The term "Plaintiff" as used herein shall mean Theodus Jordan, including any agent acting on his behalf.

9. The term "Defendant" as used herein means Boston Public Schools, their agents, servants, employees, supervisors, officers, representatives, and all other persons or entities acting on their behalf.

10. The terms "you" and "your" are used herein to refer to Plaintiff.

11. The term "Complaint" means the Complaint filed on the Plaintiff's behalf on or about March 28, 2004, with the Federal Court, Civil Action No. 04-cv-10688NMG.

### Interrogatories

Interrogatory No. 1: Please identify all persons who compiled and/or prepared, assisted in preparing, and/or provided information and/or documentation in anticipation of the herein contained answers to interrogatories.

Interrogatory No. 2: Please identify all witnesses and/or persons having knowledge of the claims, allegations and/or incidents set forth in the Plaintiff's Complaint and for each individual state in detail a complete description of the discoverable matter of which each individual has knowledge.

Interrogatory No. 3: Please identify all persons whom the Plaintiff or the Plaintiff's attorneys intend to call as witnesses and/or expert witnesses at the trial of this matter, stating as to each such witness the substance of the facts and opinions to which each such witness is expected to testify and a summary of the grounds for each opinion of each such witness and/or expert witness.

Interrogatory No. 4: Please set forth, based on your personal knowledge, a complete and detailed account of all facts upon which you base each and every allegation contained in your Complaint, including but not limited to the source (i.e. name of witness, document, etc.) of the facts you provide.

Interrogatory No. 5: Please describe **in detail** each action that Defendant **did or failed to** do which you believe was an act of discrimination against you as alleged in the Complaint, including in your answer, the name of the individual(s) involved and the date, time, location, and nature of said alleged discrimination.

Interrogatory No. 6: Please describe in detail each action that Defendant did or failed to do which you believe was an act of retaliation against you, including in your answer, the name of the individual(s) involved and the date, time, location, and nature of said alleged retaliation.

Interrogatory No. 7: Identify each person with whom you have communicated regarding the events that are described in the Complaint, including the content of such communication.

Interrogatory No. 8: Identify on what date you received Notice of Dismissal regarding Charge No. 16C-2002-00304 from the Equal Employment Opportunity Commission.

Interrogatory No. 9: Identify all sources of income received by Plaintiff, whether earned or unearned, from January 1, 2002 to the present, specifically identifying the name, address of the source, the dates you received such compensation, and the amount of compensation you received.

Interrogatory No. 10: Identify all doctors, psychiatrists, psychologists, social workers, counselors and other health care professionals with who you have consulted or treated, or been under the care of, from January 1, 1993 to the present. Specifically, identify:

    (a) the identity of the health care professional;

    (b) the dates of consultation, treatment or care;

(c) a description of the treatment or care you received; and

(d) the diagnosis and prognosis made of your condition.

Interrogatory No. 11: Please describe in detail all damages, whether pecuniary, physical or emotional, you claim to have suffered as a result of the events described in the Complaint.

Interrogatory No. 12: If you claim you have suffered any financial loss as a result of the incident(s) alleged in your Complaint, please list and itemize the total dollar amount of financial loss of any nature including but not limited to any lost wages and/ or physician's bills as well as the type and amount of compensation Plaintiff seeks from Defendant.

Date:

                                            Defendant, City of Boston
                                            By its Attorney,
                                            William F. Sinnott
                                            Corporation Counsel

By: _____
       Andrea A. Thomas, BBO #660050
       Assistant Corporation Counsel
       Boston Public Schools
       26 Court Street, 7th Floor
       Boston, MA 02108
       (617) 635-9320