UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THEODUS JORDAN,

     Plaintiff

     V.

BOSTON PUBLIC SCHOOLS,

     Defendant

Civil Action No. 10688-NMG

## DEFENDANT'S  MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION

## SUMMARY JUDGMENT

**Introduction:**

This action was instituted in 2004 by the Plaintiff appearing *pro se*.  In his complaint, the plaintiff alleges numerous causes of action which, after sifting, appear to be wrongful termination, discrimination based on race, age, gender, disability and retaliation presumably under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act (ADEA) and Massachusetts law.

The Defendant Boston Public Schools (hereinafter "Boston") moves for summary judgment as there are no material facts in dispute and the only questions are those of law.

## I.  STANDARD OF REVIEW

Under Fed.R.Civ.P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed.R.Civ.P. 56(c)*.  A genuine issue is "one that must be decided at trial because the evidence, viewed in the light most flattering to the nonmovant, would permit a rational fact finder to resolve the issue in favor of either party." *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).  A material fact is one which has the "potential to affect the outcome of the suit under the applicable law." *Sanchez v. Alvarado,* 101 F.3d 223, 227 (1st Cir.1996).

"The moving party bears the initial burden of establishing that there is no genuine issue of material fact." See *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  "If that burden is met, the opposing party can avoid summary judgment only by providing properly supported evidence of disputed material facts that would require trial." See Id. at 324.  "Even where elusive concepts such as motive or intent are at issue, summary judgment is appropriate if nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Douglas v. J.C. Penney Co., Inc.* 422 F. Supp. 2d 260, 272 (D. Mass. 2006). In this case, Plaintiff relies on his conclusory, baseless and speculative beliefs, and is therefore, unable to meet his burden. Accordingly, because Plaintiff cannot meet his burden or raise a genuine dispute of fact, Defendants are entitled to summary judgment as a matter of law.


## II. PROCEEDURAL HISTORY[1]

Plaintiff, Theodus Jordan, filed a Complaint and application to proceed without prepayment of the filing fee on April 1, 2004. With his complaint, Plaintiff submitted a

---

[1] The Defendant hereby incorporates by reference the facts set forth in the attached Defendants' Local Rule 56.1 Statement of Facts and Supporting Documentation ("SOF").

copy of the "right to sue" letter he received from the Equal Employment Opportunity

Commission ("EEOC") dated March 23, 2002. (Complaint). By Memorandum and Order

dated May 17, 2004, Judge Saris directed the Plaintiff to demonstrate good cause why his

complaint should not be dismissed. (SOF, ¶ 42)  On June 23, 2004 Plaintiff filed a

response, which the Court allowed even though such response was late filed. Plaintiff

states in his response that the date of the Right to Sue letter is incorrect. (SOF ¶43) As

such, this Court allowed Plaintiff's Title VII claim against the Boston Public Schools to

proceed. *Id.*  Boston Public Schools was not properly served with the Complaint until

July 28, 2005. (Docket No. 12) Defendant filed an answer on September 1, 2005 after an

extension was granted. (Docket No.14) A Joint Motion to Extend Discovery was granted

and the discovery period closed on January 31, 2007. (Docket No. 25) Plaintiff filed a

Motion to Delay Production of All Documents for another 40 days, which was denied by

this Court on April 17, 2007. (Docket No. 27)  Defendant filed a Motion to Compel

Production of Documents by Plaintiff on February 9, 2007 which was granted on April

17, 2007. ( Docket No. 28)

## III.  FACTUAL BACKGROUND[2]

Plaintiff is an African-American male who has been a sporadic substitute teacher

for Boston since 1979. [SOF¶1]. Substitute teachers are deemed employees at-will by

---

[2]This background is intended to provide a brief description of the facts and circumstances of this case. For a more thorough description of the facts and circumstances, please refer to *Defendant's Local Rule 56.1 Statement of Facts and Supporting Documentation*, attached hereto and made a part hereof.  Please note that Plaintiff's Complaint to this Court is devoid of a "Facts" section or "facts" in any manner alleged. Further, when requested in Interrogatories served May 9, 2006 to "set forth a detailed account of all facts upon which you base each and every allegation contained in your Complaint" Plaintiff states "All facts and details on fact will be forth coming in the very start of the actual trial or any depositions prior to trial dates. The definitive fact has already been put forth and stand as this plaintiff's only position: I was wrongly terminated and denied my job and other jobs/positions qualified for based on my race, color, ethnicity, age, language, retaliation, gender, equal opportunity denied, …" etc. No facts were specifically alleged. SOF ¶45-46.

virtue of G.L. c. 71 §42. During this time period, the Plaintiff applied for dozens of administrative and staff positions within Boston Public Schools. SOF ¶30.  Boston maintains that it had legitimate reasons for not hiring the Plaintiff for these positions, namely, Plaintiff did not have administrative, or supervisory experience. SOF ¶ 31. In June 2001, Plaintiff was terminated as a substitute teacher after Boston received several complaints from school administrators requesting that Plaintiff not be reassigned to their respective schools. SOF ¶¶11-14 and *infra* Section A.  On  June 22 of 2001, Plaintiff was informed by letter that his services were no longer needed, and that he was, effective immediately, not employed by Boston as a substitute teacher. SOF ¶15.  He was subsequently rehired in 2004. SOF ¶17.

     On November 19, 2001, Plaintiff, filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD")  alleging that Boston discriminated against him on the basis of race, age and gender by his termination and by refusing to hire him for positions for which he applied. SOF ¶27.  Plaintiff also alleged that Boston's refusal to hire him was in retaliation for filing internal grievances and for filing discrimination charges in the past. *Id*.[3]  On February 4, 2003, the MCAD dismissed Plaintiff's latest complaint due to his failure to establish a prima facie case of retaliation. SOF ¶37.  Subsequently, the EEOC issued a Notice of Dismissal of Plaintiff's complaint based on the MCAD's decision.  SOF ¶39. Plaintiff appealed the MCAD decision and the MCAD affirmed its finding of lack of probable cause on May 2, 2003. SOF ¶38.

     On April 1, 2004, after receiving both the MCAD and EEOC dismissals, Plaintiff filed this Complaint in Federal court. SOF ¶41.  In his Complaint before this Court,

---

[3] Please see Defendant's Local Rule 56.1 Statement of Facts and supporting documentation ¶¶19-26. Plaintiff has filed a long series of lawsuits in Superior Court, Federal Court and MCAD complaints against the Defendants.

Plaintiff loosely alleges that Boston wrongfully terminated his employment, discriminated against him on the basis of race, gender, age, and disability, failed to hire him and retaliated against him for filing previous complaints of discrimination, presumably under Title VII. Complaint ¶1.


## IV.  ARGUMENT

A.  <u>Defendant Is Entitled To Summary Judgment Because Plaintiff Cannot Establish A Prima Facie Case Of Wrongful Termination</u>

In his Complaint, Plaintiff states his primary cause of action as wrongful termination.  As an at-will employee, Plaintiff maintained no contract for continued employment. G.L. c. 71 §42. Under Title VII in a wrongful termination case, a plaintiff must first establish a prima facie case, that is: (1) that he was within a protected class; (2) that she met the employer's legitimate performance expectations; (3) that he was actually or constructively discharged; and (4) that he was replaced by another employee with similar skills and qualifications. S*t. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Plaintiff can set forth no set of facts as to why his termination was wrongful under Title VII or the ADEA because Plaintiff was not meeting Boston's legitimate performance expectations. Boston has ample evidence to support its legitimate purpose in terminating the Plaintiff as a substitute teacher in 2001 due to his not meeting performance expectations, including the following:

> o  On October 20, 1994 Plaintiff was notified by letter from Boston
> employee Alvin Shiggs outlining Plaintiff's lack of compliance with
> responsibilities as a substitute teacher (this letter included a complaint
> filed by the administration of the Marin Luther King Junior Middle
> School) and a warning to Plaintiff that receipt of three complaints could

result in the discontinuation of his service as a substitute teacher. SOF ¶11a

o   On April 11, 1995 Vera Dailey of the Mary Curley School wrote a letter complaining that Plaintiff failed to implement proper student disciplinary procedures as set out by school administration and requested that Plaintiff not be reassigned to the Curley School. SOF ¶11b

o   On February 9,1998 Ray Peterson of Hyde Park High School wrote a letter complaining of Plaintiff's tardiness and requesting Plaintiff not be assigned to Hyde Park High School. SOF ¶11c

o   On May 4,1998 Emily Shamieh sent a memorandum to Teacher Placement requesting that Plaintiff be added to the "Do Not Use" list at the Winthrop School for failure to carry out an assignment requested by the Evaluation Team Leader. SOF ¶11d

o   On April 4, 1998 the Joseph Hurley Elementary School placed the Plaintiff on their "Do Not Use List." SOF ¶11e

o   On September 28, 1998 the Samuel Mason Elementary School placed the Plaintiff on their "Do Not Use List." SOF ¶11f

o   On April 8, 1999 Janet Short, Principal of the Tobin School, also complained that Plaintiff refused to follow administrative mandates related to student discipline. SOF ¶11g

o   On April 9, 1999 a letter was sent to Theodus Jordan from the Chief Operating Officer alerting him of the Tobin Elementary School's complaint and "lack of compliance with your responsibilities as a substitute teacher." It further notifies Mr. Jordan that he had a right to respond to the complaint and that if he received "three (3) official complaints, your services as a substitute teacher may be discontinued." SOF ¶11h

o   On October 23, 2000 the Donald McKay Elementary School placed the Plaintiff on the "Do Not Use List."  SOF ¶11i

Considering all of these requests, as well as a report of a threat to a City of Boston employee during an unemployment benefits hearing in 2001, the Defendant decided to terminate the Plaintiff. SOF ¶15. Plaintiff was notified at least twice that three (3) complaints would result in termination and he had accumulated a total of eight (8).

SOF¶11a, 11h. Defendant is entitled to summary judgment because Plaintiff cannot show he was meeting Boston's legitimate performance expectations, and thus was not wrongfully terminated in 2001.

B.  <u>Defendant Is Entitled To Summary Judgment Because Plaintiff Cannot Establish a Prima Facie Case of Failure to Hire for Administrative Positions.</u>

Plaintiff alleges Boston wrongfully failed to hire Plaintiff for any one of the numerous administrative positions for which he applied over the course of several years. To establish a prima facie case for discriminatory failure to hire under Title VII and the ADEA[4], a plaintiff must first demonstrate that: (1) he is a member of a class protected by the Constitution or federal laws; (2) he applied for and was qualified for the position in question; (3) despite his qualifications, he was rejected, and (4) after his rejection, the positions remained open and the employer continued to accept applicants of his qualifications. *Woods v. Friction Materials, Inc.,* 30 F.3d 255, 259-60 (1st Cir.1994).  If the plaintiff succeeds in making a prima facie showing, the burden of production then shifts to the employer to articulate a legitimate, non-discriminatory reason for the employment decision, supported by credible evidence. *Vega v. Kodak Caribbean, Ltd.,* 3 F.3d 476, 479 (1st Cir.1993). To meet that burden, the defendant need only produce an explanation, and thus "need not persuade the court that it was actually motivated by the proffered reasons." *Texas Dept of Community Affairs v. Burdine,* 450 U.S. 248, at 254 (1981).  In addition, the Plaintiff must prove *both* that the employer's articulated reason is

---

[4] In an ADEA failure to hire discrimination suit, plaintiff bears the ultimate burden of persuading the factfinder that the employer illegally discriminated against plaintiff by refusing to hire plaintiff on the basis of his age. *See Lawrence v. Northrop Corp.,* 980 F.2d 66, 69 (1st Cir.1992).

false, and that discrimination was the actual reason for its employment action. *See St. Mary's Honor Ctr* v. *Hicks*   113 S.Ct.at n.4, 2749.

1.   Plaintiff Cannot Establish a Prima Facie Case for Failure to Hire Him in Administrative Positions.

Where Plaintiff alleges that Boston wrongfully failed to hire him for administrative positions to which he applied, Plaintiff cannot establish a prima facie case for failure to hire.  More specifically, Plaintiff cannot satisfy the second required element of proof for a wrongful failure to hire case, namely, Plaintiff cannot show he was qualified for the positions that he sought.

In looking at the positions for which the Plaintiff applied, the vast majority of job qualification descriptions required formal administrative experience, of which the plaintiff had none. SOF ¶31. For example, Assistant Headmaster or Headmaster positions generally require a Masters Degree in education or a related field, at least three years of successful teaching experience, an Massachusetts license for School Principal/ Assistant Principal, demonstrated leadership qualities, interpersonal skills, and personal characteristics necessary for working effectively with students, teachers, administrators and parents, among others. SOF ¶31, and Affidavit Shea ¶14. Additionally, those positions require urban teaching experience, experience as a school administrator and experience in grant writing or fundraising. *Id*. The Plaintiff possessed a Masters degree, license and experience teaching in an urban environment, however, he did not have good interpersonal skills – as demonstrated by the numerous complaints about him, and no experience as and administrator or with grant writing and fundraising. SOF ¶31. While many public school employees might like to jump immediately from working as a substitute teacher to gaining employment as a school principal for the obvious pay

increase, this is simply not feasible.  Furthermore, in looking at the vast number of

positions to which the Plaintiff applied, a pattern is evident of obvious and haphazard

application to any and every open position. (e.g. 19 applications in 6 months) SOF¶30.

In making employment decisions, Boston's hiring committees seek administrators that

use their education and background to plan out their careers carefully, and then apply for

positions that are most consistent with their experience, and which best suit their

professional goals. SOF ¶33. Plaintiff has not done so. As an example, Plaintiff applied

for the position of Senior Recruitment Specialist on May 15, 2001. SOF ¶37. This

position required three to five years of experience in recruiting and staffing. *Id*. Plaintiff

was not hired for this position. *Id.* Boston hired Diane[5] who had extensive experience as

an employment and recruitment specialist in several different educational and corporate

organizations. SOF ¶38. Plaintiff had no such experiences. SOF ¶31.[6]Given these

reasons, Plaintiff cannot show that he was qualified for the positions he applied for and

therefore he cannot meet a prima facie case for failure to hire and Boston is entitled to

summary judgment.

2. Even if Plaintiff Met the Prima Facie Standard, He Cannot Rebut or Refute
Defendant's Proffered Reason Not to Hire Him.

In the context of a summary judgment proceeding, *Hicks* requires that, once the

employer has advanced a legitimate, nondiscriminatory basis for its adverse employment

decision, the plaintiff, before becoming entitled to bring the case before the trier of fact,

must show evidence sufficient for the factfinder reasonably to conclude that the

employer's decision to discharge him or her was wrongfully based on age [race, gender].

---

[5] Defendant is using a first name only to protect confidentiality. Diane's resume is attached to the
Defendant's Statement of Facts in redacted form.
[6] Boston selects limited examples of Plaintiff's applications as Plaintiff has not specified any positions he is
contesting that he was not hired for and that Boston selected candidates with less qualifications.

*Woods* 30 F. 3d at 260 (citations omitted). "Direct or indirect evidence of discriminatory motive may do, but 'the evidence as a whole ... must be sufficient for a reasonable factfinder to infer that the employer's decision was motivated by age [or discriminatory] animus.' " *Id*, citing *Goldman v. First Nat'l Bank of Boston,* 985 F.2d 1113, 1117 (1st Cir.1993). Thus, the plaintiff cannot avert summary judgment if the record is devoid of adequate direct or circumstantial evidence of discriminatory animus on the part of the employer. *Goldman,* 985 F.2d at 1118.

Here, Plaintiff can show no evidence to support his claim that Boston's failure to hire him for positions as an administrator, Assistant Principal/ Headmaster or Headmaster/Principal. Plaintiff has not given any examples of how Boston has discriminated against him on any basis in his answers to Interrogatories or in his deposition. Plaintiff cannot give examples of disparate treatment when asked except for one position where he applied to be principal of the Connolly School and was not hired but a black female was and he believed she was less qualified than him because "someone else" told him she was less qualified. SOF ¶51.   This is insufficient to show that Boston's assertion that Plaintiff was not qualified is pretext for discrimination. Plaintiff's other example is a teaching position at Brighton High School in the 1990s but he cannot recall exactly what position it was or who it was given to. Jordan Depo. p. 110. Since Plaintiff cannot meet his burden of proof for rebutting Boston's proffered reasons for not hiring him, Boston is entitled to summary judgment.

C.   Defendant Is Entitled To Summary Judgment Because Plaintiff Cannot Establish A Prima Facie Case Of Discrimination Based On Race, Gender Or Age.

Plaintiff's claims of discrimination based on  race, gender or age must fail because he cannot meet the elements of a *prima facie* case. Claims for discrimination

under federal or state law are governed by the familiar *McDonnell Douglas* three-step burden-shifting framework. *Douglas v. J.C. Penney Co., Inc.***,** 422 F.Supp.2d 260 (D.Mass., 2006). *See Quinones v. Buick,* 436 F.3d 284 (1st Cir. 2006) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). First, the employee must establish a prima facie case of discrimination. *McDonnell Douglas,* 411 U.S. at 802. The burden then shifts to the employer to "present a legitimate, non-discriminatory reason, sufficient to raise a genuine issue of material fact as to whether it discriminated against the employee, for the employment decision." *Quinones,* 436 F.3d at 289. Finally, the employee must show that the employer's non-discriminatory reason was "mere pretext," and that the "real reason" for the employment decision was discrimination. *Id.*

To establish a prima facie case of discrimination based on disparate treatment, Plaintiff must show that (1) he belonged to a protected class; (2) he was performing his job at a level that rules out the possibility that he was fired for job performance; (3) he suffered an adverse job action by his employer; and (4) his employer sought a replacement for him with roughly equivalent qualifications. *Benoit v. Technical Mfg. Corp.,* 331 F.3d 166, 173 (1st Cir.2003).

In the case at bar, the Plaintiff cannot get past the first step in the three-step McDonnell Douglass framework, which requires that Plaintiff establish a prima facie case of discrimination. Here, Plaintiff cannot satisfy the second required element of proof for a prima facie case of discrimination based on race, gender or age. As aforementioned, Boston received numerous complaints from different schools with respect to Plaintiff's poor performance, which gave Boston a legitimate, non-discriminatory reason for its actions in terminating Plaintiff as a substitute teacher in

2001, nor hiring him as an administrator as discussed *supra*. Plaintiff seeks to sustain a

claim of race discrimination solely on his conclusory allegations, improbable inferences

and unsupported speculation which are insufficient to meet the prima facie case.

D.          <u>Summary judgment is appropriate because Plaintiff cannot prove Defendant's legitimate, non discriminatory reason was pretext.</u>

As discussed above, if the Plaintiff meets his burden of establishing a prima facie

case of race discrimination and retaliation, the burden of production shifts to the

Defendant to articulate a legitimate, non-discriminatory reason for its actions.

*Quinones*, 436 F. 3d 289 n.1 (citations omitted). Once the employer meets its

burden of production, the employee must prove the articulated reason was a

pretext to conceal the real discriminatory reason. *Id*. In examing the third stage,

the Court's "focus [is] on whether the employer believed that its proffered reason

was credible." *Shorette v. Rite Aid of Maine, Inc*., 155 F. 3d 8, 13 (1st Cir. 1998).

The record shows Boston has met its burden of production as to a

legitimate, non-discriminatory reason for terminating the Plaintiff and for not

hiring him as discussed *supra*.Defendant has provided the qualification

requirements for some of the positions the Plaintiff has applied for and shown that

he could not meet them, or was simply not the most qualified candidate.

Furthermore, Plaintiff has received numerous complaints about his performance

and was placed on several "Do Not Use" lists. SOF ¶11, 18. In fact, even after

returning to work as a substitute teacher in 2004, Plaintiff was placed on four (4)

more "Do Not Use" lists to date. SOF ¶18. The record shows that at no time were

any comments made to Plaintiff with regard to his race, and at no time was he

ever treated differently because of it. SOF ¶46. As such, Boston contends the record presented substantially satisfies its burden of production, thereby shifting the burden of persuasion back to the Plaintiff.

Here, the Plaintiff cannot rebut Boston's legitimate, non-discriminatory reasons for terminating the Plaintiff in 2001 and not hiring the Plaintiff for the many positions in 2001 or at any other time. The only ammunition Plaintiff has to rebut the Defendant's reason is his conclusory allegations, improbably inferences, and unsupported speculations. Plaintiff automatically believes he was subject to discrimination because there is "no other reason" he could not have been hired- not just by Boston, but by the other Districts to which he has applied. SOF ¶55. Plaintiff believes he was terminated and not hired because he is an over-40 black male, yet he offers no evidence to prove these beliefs, and thus cannot rebut Boston's reasons as pretext for discrimination.

E.   <u>Defendant Is Entitled To Summary Judgment Because Plaintiff's Claim For Discrimination Based On Disability Is Barred For Failure To Exhaust Administrative Remedies.</u>

Plaintiff cannot show that he has raised a claim of discrimination based on disability at any time prior to the instant complaint before this Court. SOF ¶28. An unlawful discrimination action cannot be brought in a state or federal court unless it is preceded by the filing of a complaint for unlawful discrimination with the MCAD within six (6) months of the discriminatory action. G.L. c.151B §5.  *Desando v. Lucent Technologies*, 193. F. Supp. 2d 358, 362 (D.Mass. 2002)[7]. However, a claim that is not raised in an administrative charge will survive if it "is reasonably within the scope of an

---

[7] At the time the Plaintiff's MCAD was filed was filed the statute of limitations was six months. In 2004, M.G.L. 151B§5 was amended to 300 days.

agency investigation of [the] administrative charge." *Lattimore v. Polaroid Corp.* 99 F.3d 456, 464 (1st Cir. 1996). These new claims in court cannot allege different types of discrimination or be based on materially different facts from the administrative charge. *Id* at 465, *Silva v. Hit or Miss* 73 F. Supp. 2d 39, 41 (D. Mass. 1999) (holding that plaintiff could not sue for racial discrimination "[b]ecause her race is nowhere mentioned in the MCAD complaint [for disability discrimination]").

In the case at bar, Plaintiff never offered evidence of a qualified disability, nor did he file a timely complaint for discrimination based on disability with the MCAD before filing this Federal court action. Nowhere in Plaintiff's 2001 Complaint to the MCAD is there a claim of disability discrimination, and Plaintiff admitted in his deposition that he did not claim such discrimination prior to the complaint before this Court. SOF ¶28. Since Plaintiff failed to follow this condition precedent to maintaining this action, and the mere statement of disability discrimination is not substantially different from his claims of race discrimination, he is barred from bringing an action against Defendant for disability discrimination in this Court [cite]  and Defendant is entitled to summary judgment as a matter of law.

F. Defendant Is Entitled To Summary Judgment Because Plaintiff Cannot Establish a Prima Facie Case of Retaliation

"To 'survive a motion for summary judgment, the plaintiff must point to evidence in the record that would permit a rational factfinder to conclude that the employment action was retaliatory.' " Douglas 422 F. Supp. 2d at 279. A plaintiff must establish three elements to prove a prima facie case of retaliation: that (1) he engaged in protected conduct; (2) he suffered an adverse employment action; and (3) there is a causal

connection between the protected activity and the adverse action. *Briddell v. Saint-Gobain Abrasives, Inc.*, 2007 WL 1101158 (D.Mass. 2007).

Plaintiff alleges that Defendant retaliated against him in the following ways: (1)termination in 2001, (2) failure to re-hire him as a substitute teacher, (3) not hiring Plaintiff for posistions applied for, (4) denying him positions outside the district by not giving him a positive reference. See Complaint, and SOF ¶27. It is undisputed that Plaintiff engaged in protected conduct by filing complaints of discrimination at the MCAD and in courts in 1991, 1992, and 1996. SOF¶19-27. It is also not disputed that Plaintiff was terminated in 2001, however, it is also not disputed that he was re-hired for the same position in 2004 when he re-applied for it. SOF ¶15,17. It is further not disputed that Plaintiff was not hired for numerous administrative positions for which he applied. SOF¶30. However, Plaintiff has not asserted, nor is able to assert facts that show a causal connection between his previous protected activity and Boston's legitimate decision to terminate Plaintiff from employment in 2001 and the decision not to hire the Plaintiff in an administrative capacity. Plaintiff has not pointed to any individual with knowledge of his prior filings at the MCAD or in court who has then taken any action against him. *See* Complaint, Interrogatories and Deposition. SOF ¶45-46. There are no specific facts in any manner alleged that show retaliatory motives. *Id.* Furthermore, the Plaintiff's last incidence of protected activity before the 2001 termination was in 1996, his last filing with the MCAD. SOF¶ 23. The five (5) years between those two events, are insufficient to raise an inference of retaliation. *Clark County School Dist. v. Breeden* 532 U.S. 268, 273-4 (2001) ("cases accepting mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action are

sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be very close."*citations omitted*).  Additionally, Plaintiff has no evidence to show that there is any other materially adverse action that could amount to retaliation. *See Burlington Northern  & Santa Fe Railway Co. v. White* 126 S. Ct. 2405, 2414 (2006).

Finally, while Plaintiff alleges that he has been "blacklisted" due to his complaints, in his deposition he states that he was able to obtain employment in the Brockton Public Schools in 2001 for two years, and did not attempt to apply for other teaching positions.  SOF ¶16. Plaintiff's only offer that Boston is "blacklisting" him, is that there could be "no other reason" that he was not hired in other districts, but he admitted he did not know if those districts contacted Boston for a reference. *Id*. As such, he cannot prove retaliation by Boston to impede him from obtaining employment. *See Jordan Deposition*, SOF ¶51,p.100/101.  These mere speculations are insufficient to meet the prima facie case of retaliation. Without proof of the critical nexus of a causal connection, the Plaintiff cannot establish a prima facie case of retaliation, and his claim must fail, and Boston is entitled to summary judgment.

## V.  CONCLUSION

Boston states that this case is simply the latest in a long line of complaints from a disgruntled employee, dissatisfied with his career, who hopes to profit from the judicial system where he failed to gain employment that he desired, but for which he was unqualified.  Boston further maintains that no facts, even those construed in a light most favorable to the Plaintiff, can prove wrongful termination, failure to hire, discrimination

or retaliation, and that Boston is entitled to summary judgment in this case as a matter of

law.

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served by certified mail, return receipt requested upon the Plaintiff.

  _5/21/07_          /s/ Andrea Alves Thomas
Date                 Andrea Alves Thomas

RESPECTFULLY SUBMITTED
DEFENDANT, CITY OF BOSTON

By its attorney:

      /s/ Andrea Alves Thomas
Andrea Alves Thomas, BBO# 660050
Assistant Corporation Counsel
Boston Public Schools
26 Court Street, 7th Floor
Boston, MA 02108
(617) 635-9320