## United States District Court
## District of Massachusetts

```
                                  )
THEODUS JORDAN,                   )
          Plaintiff,              )
                                  )
          v.                      )    Civil Action No.
                                  )    04-10688-NMG
BOSTON PUBLIC SCHOOLS,            )
          Defendant.              )
                                  )
```

### MEMORANDUM & ORDER

**GORTON, J.**

This case involves allegations of employment discrimination. Currently pending before the Court is a motion of the defendant for summary judgment.

### I. Background

The plaintiff, Theodus Jordan ("Jordan"), is an African-American male who was employed as an at-will, substitute teacher for the defendant, Boston Public Schools ("the BPS"), since 1979. He applied for numerous administrative and staff positions within the BPS but was not hired for any of those positions. In June, 2001, Jordan was terminated as a substitute teacher after several complaints were filed by school administrators requesting that he not be assigned to their schools. On June 22, 2001, he was formally notified, by letter, that he was no longer employed by the BPS as a substitute teacher.

-1-

On November 19, 2001, Jordan, proceeding pro se, filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD") alleging that the BPS had discriminated against him on the basis of race, age and gender by refusing to hire him for administrative and staff positions. He also alleged that the BPS's refusal to hire him was in retaliation for filing internal grievances and filing discrimination charges in the past. Jordan also filed a formal charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") as to which he received a "right to sue" letter dated March 23, 2002. On February 4, 2003, the MCAD dismissed his complaint and the EEOC issued a Notice of Dismissal. Jordan appealed the MCAD decision and the MCAD affirmed on May 2, 2003.

On April 1, 2004, Jordan filed the instant complaint alleging that the BPS had wrongfully terminated his employment, discriminated against him on the basis of race, gender, age and disability, failed to hire him and retaliated against him for filing previous complaints of discrimination.

## II. Motion for Summary Judgment (Docket No. 32)

### A. Legal Standard

Summary judgment is appropriate where the moving party has shown, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the

-2-

moving party is entitled to a judgment as a matter of law". Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law". Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. A *genuine* issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party". Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). If, after viewing the record in the non-movant's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

## B.   Employment Discrimination

Jordan's first two causes of action are claims for wrongful termination and discriminatory failure to hire under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act

("ADEA"). The First Circuit Court of Appeals has described the framework applicable to employment discrimination cases:

> First, the plaintiff must make out a prima facie case of discrimination. The burden then shifts to the defendant to present a legitimate, non-discriminatory reason, sufficient to raise a genuine issue of material fact as to whether it discriminated against the employee, for the employment decision. Finally, the burden is placed on the plaintiff to demonstrate that the non-discriminatory reason is mere pretext and that the real reason was discrimination.

Quinones v. Buick, 436 F.3d 284, 289 (1st Cir. 2006)(citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)).

### 1. Wrongful Termination

To establish a prima facie case for discriminatory termination, Jordan has the burden of establishing four elements: 1) he is a member of a protected class, 2) he performed his job at an acceptable level, 3) he was terminated and 4) his employer filled his position, or sought to fill his position, by hiring or retaining someone with similar qualifications. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993).

The defendant asserts that it is entitled to summary judgment because there is ample evidence on the record demonstrating that Jordan failed to perform his job at an acceptable level. In support, the BPS presents evidence that between 1994 and 2000, Jordan accumulated eight different complaints from various schools in the district requesting that he not be assigned as a substitute teacher in that particular school. Each of those complaints is documented by a letter and

-4-

by action taken by the particular school to place Jordan on its "Do Not Use List".

In his response, the plaintiff merely reiterates his credentials and training and alleges, without supporting evidence, that the statements are "[a]ll based in lies". The Court concludes, therefore, that Jordan has failed to establish a prima facie case of wrongful termination.

## 2. **Failure to Hire**

In order to assert a claim of discrimination in hiring, Jordan must plead: 1) he is a member of a protected class, 2) he applied for the position in question, 3) he was not selected and 4) the defendant filled the position, or sought to fill the position with a similarly qualified individual. Woods v. Friction Materials, Inc., 30 F.3d 255, 259-60 (1st Cir. 1994). If the plaintiff sufficiently pleads a claim for discrimination in hiring, the burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for the employment decision. Vega v. Kodak Caribbean, Ltd., 3 F.3d 476, 479 (1st Cir. 1993).

Although Jordan succeeds in meeting that prima facie standard in his complaint, the defendant asserts that it had a legitimate, non-discriminatory reason for not hiring him, i.e. he was not qualified for those positions. The BPS asserts that the positions for which Jordan applied required formal administrative

experience, strong leadership qualities, interpersonal skills and personal characteristics necessary for working effectively with students, teachers, administrators and parents. The BPS effectively argues that, while Jordan had both a Masters degree and teaching experience, he lacked the interpersonal skills and administrative experience for those positions. Specifically, the BPS directs the Court's attention to evidence on the record indicating numerous complaints about Jordan as a substitute teacher in support of its position that he lacked the interpersonal skills and qualities necessary for the positions for which he applied.

Thus, in order to survive summary judgment, Jordan must present evidence sufficient for a fact-finder to conclude that the BPS's decision not to hire him was wrongfully based on age, race or gender. The defendant asserts, and the Court agrees, that there is no evidence on the record to support his claim that the BPS's failure to hire him was based on discrimination. Jordan provides no evidence of any specific example of disparate treatment. He makes only conclusory, unsupported allegations. Those alone are insufficient to show that the BPS's non-discriminatory reasons are merely pretext. The Court concludes, therefore, that there is no genuine issue of material fact as to whether the BPS's decision not to hire Jordan was based on discrimination.

-6-

### 3.    **Disparate Treatment Based on Race, Gender or Age**

In order to establish a claim of discrimination based on disparate treatment, Jordan must demonstrate that: 1) he belonged to a protected class, 2) he was performing his job at a level that rules out the possibility that he was fired for job performance, 3) he suffered an adverse job action and 4) his employer sought a replacement for him with roughly equivalent qualifications. Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003).

The defendant asserts that Jordan cannot set forth a prima facie case because he cannot demonstrate that he was performing his job at an appropriate level. As discussed above, there is ample evidence on the record that the BPS received numerous complaints from several different schools regarding Jordan's performance as a substitute teacher. Several of those schools placed Jordan on their "Do Not Use" lists. Beyond his sweeping, conclusory allegations that all of those statements are lies, he fails to provide any evidence to indicate that there is a genuine issue of material fact. Accordingly, the Court concludes that Jordan has failed to state a prima facie case for disparate treatment on the basis of race, gender or age.

### 4.    **Discrimination Based on Disability**

The defendant correctly argues that the plaintiff's claim of discrimination on the basis of disability is not properly before

-7-

the Court. The federal complaint is the first document in which

Jordan raises a claim based on disability discrimination and,

therefore, he has failed to exhaust his administrative remedies.

Prior to filing an unlawful discrimination action, a plaintiff

must first file a complaint with the MCAD. Mass. Gen. Laws ch.

151B, § 5; see also Desando v. Lucent Technologies, 193 F. Supp.

2d 358, 362 (D. Mass. 2002). Thus, the plaintiff's claim of

disability discrimination will be dismissed.

## C.   **Retaliation**

Jordan alleges that the BPS retaliated against him for

filing complaints of discrimination in 1991, 1992, and 1996.

Specifically, he claims that the BPS engaged in the following

retaliatory actions: 1) termination of employment in 2001, 2)

failure to re-hire him, 3) not hiring him for certain

administrative positions and 4) refusing to provide a positive

reference for positions outside the school district.

To establish a prima facie case of retaliation, Jordan is

required to show that: 1) he engaged in protected conduct, 2) he

suffered an adverse employment action and 3) the adverse action

is causally connected to the protected activity. Moron-Barradas

v. Department of Educ. of Com. of Puerto Rico, 488 F.3d 472, 481

(1st Cir. 2007)(citing Hernández-Torres v. Intercont'l Trading,

Inc., 158 F.3d 43, 47 (1st Cir. 1998)). Here, there is no

dispute that Jordan engaged in protected conduct by filing

-8-

discrimination complaints nor that he suffered the enumerated adverse employment actions.   The central issue is whether a causal connection exists between the protected activity and his termination from employment.

The defendant correctly asserts that there is nothing on the record indicating that a specific individual at the BPS had any knowledge of his prior filings or that there were any retaliatory motives.   Moreover, the defendant contends that the time between Jordan's last filing for discrimination (1996) and his termination (2001) is sufficiently protracted to defeat a claim of causal connection, especially in the absence of any other evidence.   The Court agrees.   Sufficient time, five years, passed between the filing of the complaints at the MCAD and Jordan's termination from employment to defeat an inference of causal connection based on temporal proximity.   See Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 25 (1st Cir. 2004)("Three and four month periods have been held insufficient to establish a causal connection based on temporal proximity.").

-9-

**ORDER**

For the foregoing reasons, the defendant's motion for summary judgment (Docket No. 33) is ALLOWED and the case will be dismissed.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated: September /2 , 2007

-10-