UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
THEODUS JORDAN                )
                              )     Civil Action No.
         Plaintiff,           )     04-cv-10688 NMG
                              )
    v.                        )
                              )
BOSTON PUBLIC SCHOOLS         )
                              )
                              )
         Defendant            )
_____)

# DEFENDANT, BOSTON PUBLIC SCHOOLS' OPPOSITION TO PLAINTIFF'S "MOTION IN RECONSIDERATION AND/OR APPEAL NOTICE FROM SUMMARY JUDGEMENT FROM JUDGE N.M. GORTON" and DEFENDAN'T MOTION TO STRIKE DOCUMENTS ATTACHED TO PLAINTIFF'S MOTION

Defendant, Boston Public Schools, opposes Plaintiff's "Motion in reconsideration, and/or appeal notice from summary judgement (sic) decision" ("Motion") and moves this Honorable Court to deny said Motion and Strike the attached documents to said Motion.

A.  Granting Summary Judgment was Proper and Without Error

Plaintiff, Theodus Jordan, was given a fair opportunity to present facts in opposition to Defendant's Motion for Summary Judgment. He did not comply with Local Rule 56.1 where an "opposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with pate references to affidavits, depositions and other documentation." Mr. Jordan did not do so, merely presented Boston and the court with a large unorganized stack of documents- which had not previously been provided to the Defendant, despite

this Court's order compelling such a production to Defendant. The First Circuit has "consistently held that a litigant's 'pro se' status [does not] absolve him from compliance with the Federal Rules of Civil Procedure.' " *F.D.I.C. v. Anchor Properties,* 13 F.3d 27, 31 (1st Cir.1994) (citations omitted). "This applies with equal force to a district court's procedural rules." *Id.; see also Ruiz Rivera v. Riley,* 209 F.3d 24, 27 -28 & n. 2 (1st Cir.2000); *Posadas de Puerto Rico, Inc. v. Radin,* 856 F.2d 399, 401-02 (1st Cir.1988). Furthermore, Local Rule 56.1 states "[m]aterial facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties." Again, Plaintiff made no such statement. This Court liberally considered and construed Plaintiff's filing on July 10, 2007 as a factual and argumentative opposition to Boston's Motion. Plaintiff was given extensions of time to respond to Boston's Motion and did not provide sufficient evidence to rebut Boston's Motion for Summary Judgment.

Plaintiff does not assert in his deposition, in his opposition to Boston's Motion for Summary Judgment, or in any other form, any facts to sustain his claims, as this Court correctly ruled. A plaintiff cannot defeat a motion for summary judgment by resting on mere allegations or denial of the defendant's pleading, but must set forth specific facts showing a genuine issue for trial. *Celotex v. Catrett*, 477 U.S. 317, 323-324 (1986) (emphasis added). "Even in employment discrimination cases 'were elusive concepts such as motive or intent are at issue,' this standard compels summary judgment if the non-moving party 'rests merely upon conclusory allegations, improbable inferences, and unsupported speculation.'" *Feliciano De La Cruz v. El Conquistador Resort*, 218 F. 3d 1,

2

5 (1st Cir. 2000) "It is well-settled law that a plaintiff must do more than state bald allegations; without more, summary judgment must be granted to a defendant." *Cannon-Atkinson*, 95 F.Supp.2d at 73 *citing Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2508 (1986). Plaintiff did not provide more than "bald allegations" in his original Complaint, in his deposition or answers to Interrogatories, in his Opposition to Boston's Motion for Summary Judgment or even in his current Motion for Reconsideration. Plaintiff repeatedly merely states that the Boston's undisputed facts are "based in lies, hearsay" but offers no evidence in any format or facts of his own to rebut Boston's facts, or show Boston's proffered legitimate non-discriminatory reasons for Plaintiff's discharge and failure to be hired were false, as properly noted in this Court's decision at page 6. Plaintiff repeatedly states he "will show" evidence of discrimination, but when the opportunity was presented, he was unable to support his claims with documentary evidence in any form, including affidavits. He cannot point to one person who was improperly hired instead of him, could not show that one reason put forth by Boston was untrue for any specific substantiated reason. Therefore, there is no error in this Court's granting of Boston's Motion for Summary Judgment.[1]

B.  <u>Boston Moves to Strike All Documents Attached to Plaintiff's Motion for Reconsideration.</u>

The Plaintiff attaches 60 pages of documents that are unidentified, irrelevant and furthermore, were not produced to the Defendant despite being requested and ordered to be produced to Defendant by order of this Court granted April 13, 2007. Plaintiff should not now be allowed to rely on any additional documents in support of his case as he had

---

[1] In addition to not being able to present any evidence of Plaintiff's claim in chief of discrimination, Plaintiff is unable to show that this Court, or counsel for Boston, acted improperly by virtue of their races or for any other reason as alleged in his Motion for Reconsideration.

not produced <u>any</u> documents to Defendant in response to Boston's Request for Production of Documents of May 9, 2006 or to this Court in support of his Opposition to Boston's Motion for Summary Judgment.

WHEREFORE, the Defendant, Boston Public Schools, respectfully requests that this Honorable Court deny Plaintiff's "Motion in reconsideration, and/or appeal notice from summary judgement (sic) decision," strike all attached documents to said Motion, and affirm the summary judgment decision issued September 12, 2007.

Dated: October 30, 2007

                                                  Respectfully submitted,
Boston Public Schools
By Its Attorney,
William F. Sinnott, Corporation Counsel

By:   /s/ Andrea Alves Thomas
_____
Andrea Alves Thomas, BBO #660050
Assistant Corporation Counsel
Boston Public Schools
Office of Legal Advisor
26 Court Street, 7th Floor
Boston, MA 02108
(617) 635-9320

4

5

## CERTIFICATE OF SERVICE

    I, Andrea Alves Thomas, hereby certify that a true copy of the above document was served by Certified Mail, Return Receipt Requested, this 30th day of October, 2007 upon Plaintiff at:

Theodus Jordan
P.O. Box 840
Jamaica Plain, MA 02130-0036

                                                               /s/ Andrea Alves Thomas
                                                              _____
                                                              Andrea Alves Thomas