UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THEODUS JORDAN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOSTON PUBLIC SCHOOLS )<br>)<br>Defendant ) | Civil Action No.<br>04-cv-10688 NMG |

### DEFENDANT, BOSTON PUBLIC SCHOOLS'
### OPPOSITION TO PLAINTIFF'S "MOTION IN RECONSIDERATION AND/OR APPEAL NOTICE FROM SUMMARY JUDGEMENT FROM JUDGE N.M. GORTON" and
### DEFENDAN'T MOTION TO STRIKE DOCUMENTS ATTACHED TO PLAINTIFF'S MOTION

Defendant, Boston Public Schools, opposes Plaintiff's "Motion in reconsideration, and/or appeal notice from summary judgement (sic) decision" ("Motion") and moves this Honorable Court to deny said Motion and Strike the attached documents to said Motion.

A. <u>Granting Summary Judgment was Proper and Without Error</u>

Plaintiff, Theodus Jordan, was given a fair opportunity to present facts in opposition to Defendant's Motion for Summary Judgment. He did not comply with Local Rule 56.1 where an "opposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with pate references to affidavits, depositions and other documentation." Mr. Jordan did not do so, merely presented Boston and the court with a large unorganized stack of documents- which had not previously been provided to the Defendant, despite

this Court's order compelling such a production to Defendant. The First Circuit has "consistently held that a litigant's 'pro se' status [does not] absolve him from compliance with the Federal Rules of Civil Procedure.'" *F.D.I.C. v. Anchor Properties,* 13 F.3d 27, 31 (1st Cir.1994) (citations omitted). "This applies with equal force to a district court's procedural rules." *Id.; see also Ruiz Rivera v. Riley,* 209 F.3d 24, 27 -28 & n. 2 (1st Cir.2000); *Posadas de Puerto Rico, Inc. v. Radin,* 856 F.2d 399, 401-02 (1st Cir.1988). Furthermore, Local Rule 56.1 states "[m]aterial facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties." Again, Plaintiff made no such statement. This Court liberally considered and construed Plaintiff's filing on July 10, 2007 as a factual and argumentative opposition to Boston's Motion. Plaintiff was given extensions of time to respond to Boston's Motion and did not provide sufficient evidence to rebut Boston's Motion for Summary Judgment.

[handwritten: *So if not, why did you object then?*]

Plaintiff does not assert in his deposition, in his opposition to Boston's Motion for Summary Judgment, or in any other form, any facts to sustain his claims, as this Court correctly ruled. A plaintiff cannot defeat a motion for summary judgment by resting on mere allegations or denial of the defendant's pleading, but must set forth specific facts showing a genuine issue for trial. *Celotex v. Catrett,* 477 U.S. 317, 323-324 (1986) (emphasis added). "Even in employment discrimination cases 'were elusive concepts such as motive or intent are at issue,' this standard compels summary judgment if the non-moving party 'rests merely upon conclusory allegations, improbable inferences, and unsupported speculation.'" *Feliciano De La Cruz v. El Conquistador Resort,* 218 F.3d 1,

[handwritten marginalia, partially illegible: *Neither can defendant by mere statement deemed ruled fit / So how can the defendant giving unproven statement about plaintiff allegation or competence / non-competence to prove plaintiff is so unfounded / defendant has not proven competence is based on his skin...*]

5 (1st Cir. 2000) "It is well-settled law that a plaintiff must do more than state bald allegations; without more, summary judgment must be granted to a defendant." *Cannon-Atkinson*, 95 F.Supp.2d at 73 *citing Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2508 (1986). Plaintiff did not provide more than "bald allegations" in his original Complaint, in his deposition or answers to Interrogatories, in his Opposition to Boston's Motion for Summary Judgment or even in his current Motion for Reconsideration. Plaintiff repeatedly merely states that the Boston's undisputed facts are "based in lies, hearsay" but offers no evidence in any format or facts of his own to rebut Boston's facts, or show Boston's proffered legitimate non-discriminatory reasons for Plaintiff's discharge and failure to be hired were false, as properly noted in this Court's decision at page 6. Plaintiff repeatedly states he "will show" evidence of discrimination, but when the opportunity was presented, he was unable to support his claims with documentary evidence in any form, including affidavits. He cannot point to one person who was improperly hired instead of him, could not show that one reason put forth by Boston was untrue for any specific substantiated reason. Therefore, there is no error in this Court's granting of Boston's Motion for Summary Judgment.[1]

B. <u>Boston Moves to Strike All Documents Attached to Plaintiff's Motion for Reconsideration.</u>

The Plaintiff attaches 60 pages of documents that are unidentified, irrelevant and furthermore, were not produced to the Defendant despite being requested and ordered to be produced to Defendant by order of this Court granted April 13, 2007. Plaintiff should not now be allowed to rely on any additional documents in support of his case as he had

---

[1] In addition to not being able to present any evidence of Plaintiff's claim in chief of discrimination, Plaintiff is unable to show that this Court, or counsel for Boston, acted improperly by virtue of their races or for any other reason as alleged in his Motion for Reconsideration.

3

not produced <u>any</u> documents to Defendant in response to Boston's Request for Production of Documents of May 9, 2006 or to this Court in support of his Opposition to Boston's Motion for Summary Judgment.

WHEREFORE, the Defendant, Boston Public Schools, respectfully requests that this Honorable Court deny Plaintiff's "Motion in reconsideration, and/or appeal notice from summary judgement (sic) decision," strike all attached documents to said Motion, and affirm the summary judgment decision issued September 12, 2007.

Dated: October 30, 2007

                Respectfully submitted,
                Boston Public Schools
                By Its Attorney,
                William F. Sinnott, Corporation Counsel

By:

                <u>/s/ Andrea Alves Thomas</u>
                Andrea Alves Thomas, BBO #660050
                Assistant Corporation Counsel
                Boston Public Schools
                Office of Legal Advisor
                26 Court Street, 7th Floor
                Boston, MA 02108
                (617) 635-9320

THEODUS JORDAN
P.O. BOX 840
JAMAICA PLAIN, MA 02130
617-894-7916

BOSTON PUBLIC SCHOOLS
Peter M. Kelly, Legal Advisor
Office of Legal Advisor
26 Court Streets
Boston, MA 02130

RE: REQUEST FOR ALL DOCUMENTS IN FILES AND RECORDS SINCE 1989;
    2ND REQUEST!
DATE: NOVEMBER 24, 2007.

NOTE: THANK YOU FOR THE DOCUMENTS YOU SENT DATED OCTOBER 24, 2007. HOWEVER, THESE DOCUMENTS DOES NOT INCLUDE IN THEM ALL OF THE RECORDS ON MY FILE. PLEASE SEND MY ENTIRE FILE (INCLUDING FROM ED KELLEHERS' OFFICE....ESPECIALLY FROM KELLHERS AND BOYD'S OFFICES, RESPECTIVELY) AND, ANY DOCUMENTS WITH MY NAME ON IT, FROM ALL SOURCES? THANK YOU FOR YOUR COOPERATION SO FAR.

I AM,
THEODUS JORDAN --- -- 8269 OR 22695.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS DAY 11/24, 2007. I SHOULDN'T HAVE TO SUBPEONA MY RECORDS, BUT I WILL IF I CAN'T GET ALL OF THEM ON MY OWN! THANK YOU AGAIN FOR YOUR FUTURE COMPLIANCE AND COOPERATION.

*Theodus Jordan*
THEODUS JORDAN

THEODUS JORDAN
P.O. BOX 300840
JAMAICA PLAIN, MA 02130
617-894-7916


SEPTEMEBER 1, 2007


CHIEF INFORMATION OFFICER
BOSTON PUBLIC SCHOOLS
HUMAN RESOURCES, DIRECTOR
26 COURT STREETS
BOSTON, MASSACHUSETTS 02108


ATTENTION: **OFFICIAL NOTIFICATION** REQUEST OF ALL MY PERSONNEL RECORDS TO BE SENT TO ME OR PICKED UP BY ME AS SOON AS TIME WILL PERMIT? (I REALIZE THIS MAY TAKE SOME TIME)

THIS INCLUDES:

> ALL PERSONNEL RECORDS FROM ALL SCHOOLS WHO HAVE PLACED MY NAME ON A "DO NOT CALL LIST" FOR SUBSTITUTE TEACHING TO THEIR SCHOOL, SINCE 1989 TO PRESENT:


THIS DEMAND OR REQUEST IS BEING MADE IN REFERENCE TO AN ON-GOING COURT CASE INVOLVING THIS EMPLOYEE AND THE BOSTON PUBLIC SCHOOLS. THANK YOU FOR YOUR IMMEDIATE AND PROFESSIONAL ATTENTION AND COOPERATION IN THIS VERY SERIOUS AND ON-GOING MATTER. I AM,

RESPECTIVELY SUBMITTED BY, AND SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS DAY 9/1/07, BY PLAINTIFF, AND EMPLOYEE #022695,

*Theodus Jordan*
THEODUS JORDAN ssn#8269